
FILED
AUG 21 2013
Clerk, U.S District Court
District Of Montana

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 11-79-BLG-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER TO UNITED STATES TO SHOW CAUSE |
| LESLIE MARK GALLES, | |
| Defendant/Movant. | |

On May 2, 2013, Defendant/Movant Leslie Galles ("Galles"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of

1

constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 7, 2011, Galles was backing his vehicle down an interstate on-ramp when a patrol officer stopped him on suspicion of driving under the influence. The officer asked Galles to step out of the vehicle to do a field sobriety test. While patting Galles down for weapons, the officer felt what he believed to be ammunition in Galles' pockets. The officer asked Galles if he had any weapons. Galles responded he had a .22-caliber pistol under his driver's seat. The officer retrieved the revolver, which was loaded with five rounds of ammunition. The officer also found three different kinds of ammunition, totaling 304 rounds, in Galles' pockets. A breath test indicated Galles' blood-alcohol content was 0.237. Presentence Report ¶¶ 6-9; *see also* Offer of Proof (doc. 19) at 3-5.

Because Galles had been convicted in 2008 of felony second-degree burglary

of a residence in South Dakota, *see* Presentence Report ¶ 31; S.D. Codified Laws § 22-32-3 (eff. July 1, 2006), he was charged with being a felon in possession of a firearm and ammunition, violations of 18 U.S.C. § 922(g)(1). Indictment (doc. 1). On February 9, 2012, he entered open pleas of guilty to both charges. Minutes (doc. 20).

A presentence report was prepared. Under the guidelines, burglary of a dwelling is a crime of violence. U.S.S.G. § 4B1.2(1)(2). The presentence report recited that, in connection with the South Dakota conviction, Gilles stole prescription medication and other items from a private residence. Presentence Report ¶ 31. The base offense level was 20. U.S.S.G. § 2K2.1(a)(4)(A). Gilles received a three-point downward adjustment for acceptance of responsibility, *id.* § 3E1.1, for a total adjusted offense level of 17. Based on a criminal history category of IV, his advisory guideline range was 37-46 months. U.S.S.G. ch. 5 Part A (Sentencing Table). He was sentenced to serve 38 months on each count, concurrent, followed by a three-year term of supervised release, concurrent on both counts. Minutes (doc. 22); Judgment (doc. 24) at 2-3. Judgment was entered on May 11, 2012.

Galles did not appeal. His conviction became final on May 25, 2012. Fed. R. App. P. 4(b); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). He timely filed his § 2255 motion on May 2, 2013. 28 U.S.C. § 2255(f)(1).

## III. Claims and Analysis

Galles makes four claims of ineffective assistance of counsel. Only one claim is addressed here. Galles contends that counsel advised him he would receive credit for time spent in custody from October 2011 to May 2012; yet he not only did not receive that credit, he did not begin earning credit against his federal sentence until July 2012. Mot. § 2255 at 6.

On its face, the Bureau of Prisons' calculation of Galles' sentence appears to be correct. But both parties as well as the probation officer led Judge Cebull to believe at sentencing that Galles' federal and state sentences would run concurrently.[1] That is not correct. 18 U.S.C. § 3584(a). There appears to be at least a reasonable probability that Judge Cebull would have ordered the state and federal sentences to run concurrently if he had been correctly advised that they would run consecutively unless he ordered otherwise. Although the error was shared equally by defense counsel, the prosecutor, and the probation officer, Galles' claim of ineffective assistance appears to have merit.

The United States must show cause why the § 2255 motion should not be

---

[1] An excerpt of the transcript of the sentencing hearing is filed in the record, but most of the hearing has not yet been transcribed. I have reviewed the court reporter's rough transcripts. The United States will be required to order the sentencing and change of plea transcripts to complete the record. Galles will receive a copy of each transcript.

4

granted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Galles:

(a) the change of plea hearing, held February 9, 2012;

(b) the sentencing hearing, held May 10, 2012.

2. The United States shall immediately order the transcript of each of those hearings, one copy of each for the Court's file and one copy of each for Leslie Mark Galles # 11461-046, FCI La Tuna, Federal Correctional Institution, Federal Satellite Low, P.O. Box 6000, Anthony, TX 88021. If the United States wants its own copies, it must order them.

3. Within 14 days of receipt of the transcripts, the United States shall show cause why Galles' § 2255 motion should not be granted as to his claim regarding credit for time served or concurrent or consecutive sentences. Galles may file an optional reply brief within 14 days of the United States' response to this Order.

DATED this 21st day of August, 2013.

Donald W. Molloy
United States District Court

5