IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 11-79-BLG-DWM |
| --- | --- |
| Plaintiff/Respondent, | CV 13-61-BLG-DWM |
| vs. | ORDER |
| LESLIE MARK GALLES, | |
| Defendant/Movant. | |

FILED

OCT 0 3 2013

Clerk, U.S. District Court
District Of Montana
Missoula

On May 2, 2013, Defendant/Movant Leslie Galles ("Galles"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

On August 21, 2013, the United States was ordered to show cause why Galles' § 2255 motion should not be granted. Both parties and the probation officer wrongly advised Judge Cebull at sentencing that Galles' state and federal sentences would run concurrently. On August 23, 2013, the United States conceded that the motion must be granted as to that claim. This Order addresses all of Galles' claims.

1

## I. Background

On February 7, 2011, Galles was backing his vehicle down an interstate on-ramp when a patrol officer stopped him on suspicion of driving under the influence. The officer asked Galles to step out of the vehicle to do a field sobriety test. While patting Galles down for weapons, the officer felt what he believed to be ammunition in Galles' pockets. The officer asked Galles if he had any weapons. Galles responded he had a .22-caliber pistol under his driver's seat. The officer retrieved the revolver, which was loaded with five rounds of ammunition. The officer also found three different kinds of ammunition, totaling 304 rounds, in Galles' pockets. A breath test indicated Galles' blood-alcohol content was 0.237. Presentence Report ¶¶ 6-9; *see also* Offer of Proof (doc. 19) at 3-5.

Because Galles had been convicted in 2008 of felony second-degree burglary of a residence in South Dakota, *see* Presentence Report ¶ 31; S.D. Codified Laws § 22-32-3 (eff. July 1, 2006), he was charged with being a felon in possession of a firearm and ammunition, violations of 18 U.S.C. § 922(g)(1). Indictment (doc. 1). On February 9, 2012, he entered open pleas of guilty to both charges. Minutes (doc. 20).

A presentence report was prepared. Under the guidelines, burglary of a dwelling is a crime of violence. U.S.S.G. § 4B1.2(1)(2). The presentence report recited that, in connection with the South Dakota conviction, Gilles stole

2

prescription medication and other items from a private residence. Presentence Report ¶ 31. The base offense level was 20. *Id.* § 2K2.1(a)(4)(A). Gilles received a three-point downward adjustment for acceptance of responsibility, *id.* § 3E1.1, for a total adjusted offense level of 17. Based on a criminal history category of IV, his advisory guideline range was 37-46 months. U.S.S.G. ch. 5 Part A (Sentencing Table). He was sentenced to serve 38 months on each count, concurrent, followed by a three-year term of supervised release, also concurrent on both counts. Minutes (doc. 22); Judgment (doc. 24) at 2-3. Judgment was entered on May 11, 2012.

Galles did not appeal. His conviction became final on May 25, 2012. Fed. R. App. P. 4(b); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). He timely filed his § 2255 motion on May 2, 2013. 28 U.S.C. § 2255(f)(1).

## II. Claims and Analysis

Galles makes several claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984), governs such claims. First, Galles must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an

3

ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

**A. Credit for Time Served**

Galles contends that counsel advised him he would receive credit for time spent in custody from October 2011 to May 2012; yet he not only did not receive that credit, he did not begin earning credit against his federal sentence until July 2012. Mot. § 2255 (doc. 28) at 6.

Both parties as well as the probation officer led Judge Cebull to believe at sentencing that Galles' federal and state sentences would run concurrently. *See* Sentencing Tr. (doc. 34) at 13:19-14:8. That was not correct. 18 U.S.C. § 3584(a) (last sentence). Because Judge Cebull raised the issue, it is likely he would have ordered the state and federal sentences to run concurrently had he been correctly advised that they would run consecutively unless he ordered otherwise. Although the error was shared equally by defense counsel, the prosecutor, and the probation officer, Galles' claim of ineffective assistance has merit. He is entitled to be resentenced in a manner that gives him the credit Judge Cebull would have given him had he been correctly advised about 18 U.S.C. § 3584(a). The United States agrees. Resp. to Order to Show Cause (doc. 35) at 2.

Galles' § 2255 motion will be granted as to this claim. An Amended Criminal Judgment will be entered by separate document.

4

**B. Duty to Consult re: Appeal**

Galles also contends that he told counsel he wanted to talk about an appeal, but counsel failed to respond to his requests for consultation. Mot. § 2255 at 5. The Sixth Amendment right to counsel extends to the defendant's decision whether to take an appeal.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). If either of these two conditions is met, the defendant must show a reasonable probability – less than a preponderance of the evidence, *Strickland*, 466 U.S. at 693 – that he would have taken a timely appeal. *Flores-Ortega*, 528 U.S. at 484.

Galles alleges:

> Walking back to the Court's holding cell after my sentencing Mr. Babcock knew I was distraut with many questions of him as to the outcome of my sentence. He stated "that he would come see, talk and answer my questions as to my sentence and appeal process." He stated "tomorrow, Friday the 11th of May, 2012." It did not happen, so I left a message, through Yellowstone County Detention Facility, that I really needed to see him so that we may talk, I had questions. Once again he failed to respond, in any fashion. Mr. Babcock had also asked me to call collect, at any time, with questions, whenever I tried, his office did not accept my calls. ? This was also the same senario in the federal holding facility up in Shelby. I letter I sent went unanswered as my collect calls were once agan declined. ? I really didn't want to appeal but needed to talk to him for this important

5

> decision to be correctly made. I <u>never</u> told him I did not want to appeal, he made this decision on his own <u>without consulting me</u>.

Mot. § 2255 at 5 (*sic*) (emphases in original). Assuming these allegations are true, Galles' actions "reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.

To determine the merits of the *Flores-Ortega* claim, some discovery of counsel's file would be warranted, and it would be necessary to take testimony, either at hearing or in deposition, from counsel and from Galles to decide whether the factual allegations underlying the claim are true. That would, under the Rules, require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); Rules 6(a), 8(c), Rules Governing § 2255 Proceedings. These further proceedings would explore whether the original Judgment should be vacated and re-entered to allow Galles to consult with counsel about an appeal.

But the Court has already determined that a new criminal judgment must be entered based on the concurrent/consecutive issue in Galles' § 2255 motion. Consequently, Galles will have a second opportunity to take an appeal – from the Amended Criminal Judgment – should he wish to do so. Rather than conducting discovery into the *Flores-Ortega* claim, the same purpose can be served by entering an Amended Judgment based on the claim regarding a concurrent or consecutive sentence, and appointing counsel to consult with Galles about an

appeal from *that* judgment. This procedure will ensure that Galles has not been deprived of the opportunity to pursue an appeal.

Consequently, the *Flores-Ortega* claim is deemed moot. Counsel will be appointed to confer with Galles to determine whether he wishes to appeal from the Amended Criminal Judgment when it is entered.

### C. Presentence Process

Galles asserts that the reason counsel did not consult with him about an appeal was "because he mishandled my presentence investigation process up to the day of my sentencing." Mot. § 2255 at 5. Galles explains he "did not get to see a copy of what I was going to receive through my sentencing and agree to it nor make any changes [to anything] I did not agree with." *Id.* But Galles said, at the sentencing hearing, that he "had an opportunity to review the presentence report . . . with Mr. Babcock." Sentencing Tr. at 3:14-20. In addition, Galles identifies no prejudice, other than the grounds for relief otherwise specified in this Order, arising from counsel's alleged failure of "process." This claim is denied.

### D. Conditions of Supervision

Galles states that counsel "had total disregard for choices I wanted in my sentence, which then led to special conditions put in place of the standard conditions of my supervised release." Mot. § 2255 at 6. He also explains that he

did not want counsel to "put Dr. [Chessen's] evaluation in my sentence as I didn't agree with it." *Id.*

Dr. Chessen's report is quoted and summarized in the Presentence Report, ¶¶ 43-45. But the facts in the record, combined with Galles' personal statement at sentencing, prove beyond any doubt that the reference to Dr. Chessen's report was not prejudicial to Galles.

Galles states that he has "virtually been sober since June of 2008, with the one relapse when arrested, only then at that time." Mot. § 2255 at 6 (emphases in original). That is not what he said at sentencing. Then, he said he did "limited drinking" from November 25, 2010, until his DUI arrest on February 7, 2011, and again from March 9, 2011, to April 8, 2011. Sentencing Tr. at 11:4-6. He failed to mention that he was supposed to be attending alcohol treatment and taking breath and urine tests from March to April 2011. Presentence Report ¶ 32. As Galles also admitted, he did not stop drinking on his own; February 7, 2011, and April 8, 2011, are "arrest dates." Again, he did not mention this fact either, but both of those dates were arrests for DUI. Presentence Report ¶¶ 32, 33. If this was "one relapse," Mot. § 2255 at 6, it was a long and severe one.

Special Condition No. 4 condition supersedes Standard Condition No. 7 with respect to alcohol by prohibiting any consumption of alcohol (as opposed to "excessive" consumption) and by prohibiting entry into establishments where

alcohol is the primary item of sale. Judgment (doc. 24) at 3 ¶ 4. Although the condition is a "special" and not a "standard" one, that simply means it is not specified in 18 U.S.C. §§ 3563 or 3583(d). Imposition of Special Condition No. 4 is, in fact, the standard practice in the District of Montana for any defendant with a history of alcohol abuse, including many with a significantly less serious history than Galles can show. And it is imposed whether the defendant "wanted" it or not.

Even accepting Galles' belief that his concussions, rather than his abuse of alcohol, are really the root of the problem, it is still reasonable to believe Galles will drink and that he will have more trouble controlling his behavior when he drinks. It is difficult to imagine that a person found in possession of a loaded revolver and 300 rounds of ammunition when he blows a 0.237 on a breath test would not be subjected to this District's usual Special Condition No. 4. It is equally difficult to imagine Galles would see this condition vacated on appeal. 18 U.S.C. § 3563(b), (22).

Galles can show neither deficient performance nor prejudice. His claim regarding the conditions of his supervision is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Galles' claims regarding counsel's presentence "process" is contradicted by Galles' own statement on the record at sentencing. His claims against the terms of his supervised release are specious. A COA is not warranted as to those claims. Although it is not clear that Galles' claim under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), has merit, Galles will obtain what he claims he missed because counsel will consult with him about an appeal from the Amended Criminal Judgment. Although reasonable jurists might proceed differently, Galles will certainly have nothing to complain about as a result of this procedure. A COA is not warranted as to the *Flores-Ortega* claim either.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Galles' motion under 28 U.S.C. § 2255 (doc. 28) is GRANTED IN PART AND DENIED IN PART.

2. Galles' claims regarding counsel's presentence investigation and the conditions of his supervised release are DENIED for lack of merit.

3. Galles' claim regarding counsel's failure to consult with him about an appeal is DISMISSED AS MOOT.

4. Galles' claim regarding a concurrent sentence is GRANTED.

5. The Judgment entered on May 11, 2012 (doc. 24), is VACATED.

6. A certificate of appealability is DENIED as to Galles' two other sentencing claims and as to his *Flores-Ortega* claim, which is moot.

7. This matter is REFERRED to United States Magistrate Judge Carolyn S. Ostby for the appointment of counsel to consult with Galles regarding the advisability of an appeal from the Amended Criminal Judgment. Counsel must immediately file a Notice of Appeal upon accepting the appointment.

8. After counsel has been appointed, an Amended Criminal Judgment will be entered by separate document.

DATED this 3rd day of October, 2013.

Donald W. Molloy
United States District Court