IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| UNITED STATES OF AMERICA, | Cause No. CR 11-079-BLG-DWM |
|---|---|
| Plaintiff/Respondent, | CV 14-116-BLG-DWM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| LESLIE MARK GALLES, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant Galles' request that the Court hold the Federal Bureau of Prisons accountable for holding him beyond the term of the sentence imposed by this Court. Galles is now on supervised release in Billings. He is not represented by counsel.

Galles previously obtained relief on a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See* Order (Doc. 37). On October 8, 2013, this Court entered an Amended Judgment and imposed the following sentence on Galles:

> 38 months minus 204 days on each of Counts 1 and 2, with Counts 1 and 2 to run concurrently with each other and concurrently with the defendant's South Dakota sentence*. Pursuant to U.S.S.G. § 5G1.3(b), the defendant's 38-month sentence is reduce by 204 days to account for time spent in custody prior to federal sentencing for which the Bureau of Prisons will not credit the defendant. Pursuant to 18 U.S.C. § 3584(a), the federal sentence and the South Dakota state sentence are to run concurrently.

1

Am. Judgment (Doc. 41) at 2.[1]

Galles was released from prison on August 18, 2014. On September 3, 2014, he filed another motion under 28 U.S.C. § 2255 (Doc. 49). He claimed he should have been released on July 17, 2014, but the Bureau of Prisons did not properly calculate his sentence, which was "38 months minus 204 days."

The Court recognized that a motion under 28 U.S.C. § 2255 might not be available for the purpose of challenging Galles' release date. Order (Doc. 50) at 2. Nonetheless, the United States was required to respond to Galles' claim that the BOP did not execute the sentence the Court imposed but instead executed some other sentence. *See, e.g., Abbott v. Federal Bureau of Prisons*, 771 F.3d 512, 514 (9th Cir. 2014) (citing *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, __ U.S. __, 132 S. Ct. 1463 (2012)).

On March 26, 2015, the United States filed its response. Its procedural defenses, *see* Resp. to Order (Doc. 51) at 2-3, are inapposite. Galles' current § 2255 motion is not a second or successive one, because an Amended Judgment was entered on October 8, 2013, and the motion is Galles' first § 2255 motion as to the Amended Judgment. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Arguments concerning defects of a § 2241 petition are irrelevant, because Galles

---

[1] The asterisk identified the term that differed from the original Judgment.

2

filed a § 2255 motion. Mot. § 2255 (Doc. 49) at 1. Finally, Galles was "in custody" for purposes of § 2255, because he was on supervised release when he filed the motion. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

Even so, the United States' exhibit appears to show that Galles' sentence was properly calculated. Galles was given an opportunity to contest the matter. *See* Order (Doc. 52) at 2. He did not respond.

A certificate of appealability is not warranted as it appears the Court's Amended Judgment was correctly executed. Further, Galles has either conceded or abandoned the matter.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Galles' motion under 28 U.S.C. § 2255 (Doc. 49) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Galles files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-116-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Galles.

DATED this 24th day of June, 2015.

Donald W. Molloy
United States District Court

3